IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 07-34 Erie |
| v. ) | |
| ) | |
| ELIAS MORALES MORALES ) | |

**MEMORANDUM ORDER**

McLAUGHLIN, J.

Presently pending before the Court is Elias Morales Morales' Motion for Reduction of Sentence [Doc. No. 40].

On January 7, 2008, Morales pled guilty to one count of illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326 [Doc. No. 25]. On April 7, 2008, Morales was sentenced to ninety (90) months in prison, followed by two (2) years of supervised release [Doc. No. 28]. Morales subsequently appealed his sentence, which was affirmed by the Third Circuit, United States v. Morales-Morales, 321 Fed. Appx. 176 (3rd Cir. 2009), and the Supreme Court denied *certiorari*, Morales-Morales v. United States, 130 S.Ct. 215 (October 5, 2009).

On January 29, 2010, Morales filed *pro se* a document styled "Motion for time reduction by an inmate in federal custody" [Doc. No. 40]. Morales seeks a "time reduction" of his sentence based on allegations that, as an alien, he is denied equal rights protection by the Bureau of Prisons ("BOP") because he does not qualify for early supervised release and halfway house placement subsequent to participation in the BOP's drug treatment program. The Government filed a response to Morales' motion on February 16, 2010 [Doc. No. 41]. For the reasons that follow, Morales' motion shall be denied.

Generally a district court may not alter a term of imprisonment once it has been imposed. United States v. Wise, 515 F.3d 220 (3rd Cir. 2008). The exceptions to this general rule, however, are set forth in 18 U.S.C. § 3582(c), which limits the court's jurisdiction to modify sentences except as set forth in the statute:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case--

>>(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>>>(i) extraordinary and compelling reasons warrant such a reduction; or
>
>>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
>(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c); United States v. Higgs, 504 F.3d 456, 464 (3rd Cir. 2007).

Sections 3582(c)(1)(A) and (c)(2) are not implicated in this case. The Bureau of Prisons has not filed a motion seeking a reduction, and Morales does not seek a reduction based upon a subsequent amendment to the Sentencing Guidelines. Section 3582(c)(1)(B) fails to provide Morales with any grounds for relief. Rule 35(a) of the Federal Rules of Criminal Procedure provides in pertinent part: "(a) **Correcting Clear Error.** Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error."

Fed.R.Crim.P. 35(a).[1]  The seven-day time period is jurisdictional.  See United States v. Miller, __F.3d __, 2010 WL 395917 at *8 (3rd Cir. 2010); United States v. Mercer, 2009 WL 3601613 at *2 (W.D.Pa. 2009); United States v. Colaizzi, 2007 WL 3120423 at *1 (W.D.Pa. 2007).  Because Morales' motion is untimely, this Court lacks jurisdiction to reduce his sentence.

To the extent Morales seeks relief concerning the execution of his sentence by the BOP, such claims must be brought pursuant to 28 U.S.C. § 2241, and must be filed in the district where the inmate is confined.  See United States v. Kennedy, 851 F.2d 689, 690 (3rd Cir. 1988); Sloan v. United States, 2008 WL 2020183 at *3 n.2 (W.D.Pa. 2008).  Because Morales is incarcerated in New York, see Motion to Reduce [Doc. No. 40] p. 1, this Court does not have jurisdiction to grant the requested relief.

Accordingly, on this 25th day of February, 2010, for the reasons set forth above,

IT IS HEREBY ORDERED that Morales' Motion for Reduction of Sentence [Doc. No. 40] is DENIED.

s/ Sean J. McLaughlin<br>
United States District Judge

cm: All parties of record.

---

[1] As of April 7, 2008, when Morales was sentenced, Rule 35(a) contained a seven-day time limit.  On December 1, 2009, the Rule was amended to provide for a fourteen-day time limit.  Fed.R.Civ.P. 35(a) (2009); United States v. Phillips, __F.3d __, 2010 WL 610883 at *8 n.11 (11th Cir. 2010).  Under either version, Morales' motion is untimely.